UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MASOUD KHAZALI,

Plaintiff,

v.

JAMES L. ROBART,

Defendant.

Case No. C17-1102RSM

ORDER OF DISMISSAL

This matter comes before the Court *sua sponte* on the Court's July 27, 2017, Order to Show Cause, Dkt. #8. *Pro Se* Plaintiff Masoud Khazali has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #4. The Complaint was posted on the docket on July 25, 2017. Dkt. #5. Summons has not yet been issued.

Plaintiff brings this action against the United States of America ("the Government"). *Id.* at 1. Plaintiff states that the Government "acted unconstitutional [sic] by Kidnapping [sic] the child of the immigrant (and the U.S. citizen) Mr. Khazali," and that the Government "supports and promotes such a crime act by promoting Christianity that confirms the act of the Kidnapping and slavery of immigrant children (in its book of Bible) and by naming its Capital, State, university, currency and stamp after the slave master (Washington) who supported Kidnapping immigrant children and Slavery." *Id.* Plaintiff goes on to describe our nation's

ORDER OF DISMISSAL - 1

first president, George Washington, as "an English officer who murdered French" and "an English who used arms and explosives to fight the then current Government [during the American Revolution]; an act of terrorism." *Id*. at 1. Plaintiff alleges that the Government "supports Kidnapping, child abuse, slavery, gender and racial inequality and terrorism as long as it symbolizes Washington and names its capital after such a criminal and prints its currency in the name of such criminal terrorist…" *Id*. Plaintiff's views on George Washington and Christianity surface repeatedly and unexpectedly in the Complaint. Plaintiff appears to bring this lawsuit based on the Honorable Judge James. L. Robart's denial of Plaintiff's motion for a stay in a prior or concurrent action. *See id.* at 3. Plaintiff argues that "judges should not be allowed to preside over the conflicts between a citizen and a State (Or the States)" and that "no court should oversee a conflict between a court and a citizen." *Id*. at 3-4.

Plaintiff includes the following attachments to his Complaint: "The Kidnap Loving State," which provides a sort of history of slavery in the United States; "The State of the Claim," which provides some procedural background, "The Tort of the Court," which appears at first glance to allege violations of the Constitution committed by various courts, but actually attempts to connect modern court procedures like asking witnesses to raise their right hand or hearing testimony from witnesses to ancient religious practices; "Life: the Live Connection through Space," which engages in a metaphysical discussion of "invisible energy" and "hidden life in light;" "The Immune Executioner," which discusses injury to the Plaintiff, including Plaintiff "los[ing] his mind," caused by the separation of Plaintiff from his child; "Prevention of Abuse," broadly discussing his claim; and "Valuing Property over Humanity," which accuses the Court of continuing historic practices of slavery. *See id.* at 5-18.

ORDER OF DISMISSAL - 2

On July 27, 2017, the Court issued an Order to Show Cause. Dkt. #8. That Order stated that the Complaint does not clearly identify what laws or statues Plaintiff believes give rise to a claim against the Government, and that Plaintiff does not support his claims with specific facts presented in a clear and understandable manner. The Court found that "Plaintiff's allegations are extremely difficult to follow with unconnected facts and broad sweeping accusations of crime connected to unrelated historical events or possibly official court actions," and that "[i]t is unclear from the Complaint how the Court has subject matter jurisdiction, why the Government would not be immune from suit, or even what relief Plaintiff is seeking." *Id*. The Court ordered Plaintiff to file a response within twenty-one days telling the Court "(1) the laws, statutes, or specific portions of the Constitution upon which his claims are based, (2) how Defendant violated those laws or statutes causing harm to Plaintiff, and (3) why this case should not be dismissed as frivolous." *Id*.

Plaintiff's Response was received on August 17, 2017. Dkt. #9. The Response is just as unclear and difficult to follow as the initial pleading. Plaintiff cites to several amendments to the U.S. Constitution, but fails to clearly explain how the Government violated the cited law causing harm to Plaintiff. For example, under a section entitled "XIV Amendment", Plaintiff states: "Judge Berns not even responding to the Father's motions and ignoring the report of the Kidnapping by the Father and the dismissal of the case and disregarding the Kidnapping by Judge Robart makes the States liable for denying the person (Father) the equal protection for laws." Dkt. # 9 at 3. All of Plaintiff's claims are similarly incomprehensible. Plaintiff also includes several unrelated and frivolous asides, for example Plaintiff states:

> Praising a book that praises violence and abuse, will promotes [sic] violence and abuse as well. (Beside the fact that the religion forces men to hold on their sexual desires and that could abuse children for men would approach children to satisfy their sexual desires!

ORDER OF DISMISSAL - 3

> Like the Catholic priest who hold on their sex desires with women that caused them to abuse boys! (This is so easy to understand and I don't understand why the Court asking me to explain something that is so clear)

*Id.* at 2. By the end of the Response, it is clear that Plaintiff is requesting that the Court prohibit the use of any religious book in official ceremonies and other broad sweeping changes disconnected to a personal injury he himself suffered. *See id.* at 6. Plaintiff's claims of kidnapping and issues with prior cases in prior courts are hopelessly entangled with these frivolous asides.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has failed to adequately respond to the Court's Order to Show Cause. Considering all of the above, the Court finds that Plaintiff's Complaint fails to state a claim and is frivolous and malicious. Dismissal is therefore warranted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, the Court hereby finds and ORDERS:

1) Plaintiff's claims are DISMISSED.

2) This matter is CLOSED.

3) The Clerk shall send a copy of this Order to Plaintiff at 14324 32ND AVE NE, APT D, SEATTLE, WA 98125.

DATED this 18th day of August, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 4