UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MASOUD KHAZALI,

      Plaintiff,

      v.

UNITED STATES OF AMERICA,

      Defendant.

Case No. C17-1102RSM

ORDER REVOKING *IN FORMA PAUPERIS* STATUS

     This matter comes before the Court on a referral from the Ninth Circuit Court of Appeals to determine whether *in forma pauperis* ("IFP") status should continue on appeal. Dkt. #14. *Pro Se* Plaintiff Masoud Khazali was granted leave to proceed IFP in this matter on July 25, 2017. Dkt. #4.

     Plaintiff brought this action against the United States of America ("the Government"). *Id.* at 1. Plaintiff states that the Government "acted unconstitutional [sic] by Kidnapping [sic] the child of the immigrant (and the U.S. citizen) Mr. Khazali," and that the Government "supports and promotes such a crime act by promoting Christianity that confirms the act of the Kidnapping and slavery of immigrant children (in its book of Bible) and by naming its Capital, State, university, currency and stamp after the slave master (Washington) who supported Kidnapping immigrant children and Slavery." *Id.* Plaintiff goes on to describe our nation's

ORDER REVOKING *IN FORMA PAUPERIS* STATUS - 1

first president, George Washington, as "an English officer who murdered French" and "an English who used arms and explosives to fight the then current Government [during the American Revolution]; an act of terrorism." *Id.* at 1. Plaintiff alleges that the Government "supports Kidnapping, child abuse, slavery, gender and racial inequality and terrorism as long as it symbolizes Washington and names its capital after such a criminal and prints its currency in the name of such criminal terrorist…" *Id.* Plaintiff's views on George Washington and Christianity surface repeatedly and unexpectedly in the Complaint. Plaintiff appears to bring this lawsuit based on the Honorable Judge James. L. Robart's denial of Plaintiff's motion for a stay in a prior or concurrent action. *See id.* at 3. Plaintiff argues that "judges should not be allowed to preside over the conflicts between a citizen and a State (Or the States)" and that "no court should oversee a conflict between a court and a citizen." *Id.* at 3-4.

Plaintiff includes the following attachments to his Complaint: "The Kidnap Loving State," which provides a sort of history of slavery in the United States; "The State of the Claim," which provides some procedural background, "The Tort of the Court," which appears at first glance to allege violations of the Constitution committed by various courts, but actually attempts to connect modern court procedures like asking witnesses to raise their right hand or hearing testimony from witnesses to ancient religious practices; "Life: the Live Connection through Space," which engages in a metaphysical discussion of "invisible energy" and "hidden life in light;" "The Immune Executioner," which discusses injury to the Plaintiff, including Plaintiff "los[ing] his mind," caused by the separation of Plaintiff from his child; "Prevention of Abuse," broadly discussing his claim; and "Valuing Property over Humanity," which accuses the Court of continuing historic practices of slavery. *See id.* at 5-18.

On July 27, 2017, the Court issued an Order to Show Cause. Dkt. #8. That Order stated that the Complaint does not clearly identify what laws or statues Plaintiff believes give rise to a claim against the Government, and that Plaintiff does not support his claims with specific facts presented in a clear and understandable manner. The Court found that "Plaintiff's allegations are extremely difficult to follow with unconnected facts and broad sweeping accusations of crime connected to unrelated historical events or possibly official court actions," and that "[i]t is unclear from the Complaint how the Court has subject matter jurisdiction, why the Government would not be immune from suit, or even what relief Plaintiff is seeking." *Id*. The Court ordered Plaintiff to file a response within twenty-one days telling the Court "(1) the laws, statutes, or specific portions of the Constitution upon which his claims are based, (2) how Defendant violated those laws or statutes causing harm to Plaintiff, and (3) why this case should not be dismissed as frivolous." *Id*.

Plaintiff's Response was received on August 17, 2017. Dkt. #9. The Court found the Response to be just unclear and difficult to follow as the initial pleading. Dkt. #10 at 3. The Court found that Plaintiff was requesting the Court to prohibit the use of any religious book in official ceremonies and other broad sweeping changes disconnected to a personal injury he himself suffered. *Id*. The Court found Plaintiff's claims of kidnapping and issues with prior cases in prior courts to be hopelessly entangled with these frivolous asides. *Id*. The Court found that Plaintiff's Complaint failed to state a claim, that it was frivolous and malicious, and that dismissal was warranted under 28 U.S.C. § 1915(e)(2)(B).

An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed IFP. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). Where, as here, a party was permitted to proceed IFP in the District Court, the party may proceed on

appeal *in forma pauperis* without further authorization unless the District Court certifies in writing that the appeal is not taken in good faith or that the party is not otherwise entitled to proceed IFP. Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). An appeal is taken in "good faith" where it seeks review of at least one issue or claim that is found to be "non-frivolous." *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless legal theory," such as claims against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist. *Id.* at 327.

This Court cannot find that Plaintiff's appeal has been taken in good faith. The Court maintains that, by its assessment of the Complaint, Plaintiff's claims are clearly frivolous because they fail to state a claim against the government connected to an injury suffered by Plaintiff without citing to indisputably meritless legal theories.

Accordingly, the Court hereby FINDS AND ORDERS that:

1) Plaintiff's *in forma pauperis* status is REVOKED.

2) The Clerk shall send a copy of this Order to Plaintiff at 14324 32ND AVE NE, APT D, SEATTLE, WA 98125.


DATED this 15th day of September 2017.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER REVOKING *IN FORMA PAUPERIS* STATUS - 4